IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

JAMES P. GRISSOM            PLAINTIFF

VS.            CAUSE NO. 2008-00,143 (2)

LIBERTY MUTUAL FIRE INSURANCE COMPANY            DEFENDANT

FILED JUN 2 7 2008 JOE W. MARTIN, JR. CLERK BY K. Stone D.C.

## COMPLAINT

COMES NOW, the Plaintiff, James P. Grissom, and files this Complaint for Negligence or in the alternative Reformation of Contract against the Defendant, Liberty Mutual Fire Insurance Group, and in support thereof would show unto the Court the following, to-wit:

1.

Plaintiff James Grissom is an adult resident of Madison County Mississippi who resides at 419 Berkshire Dr., Ridgeland, MS 39157.

2.

Defendant Liberty Mutual Fire Insurance Company is a non-resident corporation operating out of the State of Florida who may be served with process at its place of business 901 N. Lake Destiny Road, Maitland, FL 32751.

3.

The Plaintiff, James Grissom, purchased coverage from Liberty Mutual to cover his home, located at 1115 Farnsworth Avenue in Pascagoula, Mississippi, from flood property damage. However, the insurance premium was incorrectly calculated based upon the Liberty Mutual placing the property in Flood Zone "A" as opposed to the higher zone Flood Zone "B"

4.

This negligent placement caused Plaintiff to pay a larger premium than what he could

have paid in Zone B for the maximum ($250,000.00) dwelling and a hundred thousand dollar ($100,000.00) contents of the home coverage for the property. However, Flood Zone "A" allowed the Plaintiff to purchase eighty-six thousand four hundred dollars ($86,400) dollars coverage for the residence thirty-four thousand eight hundred dollars ($34,800) worth of contents coverage for the premium paid.

5.

Plaintiff paid five hundred and thirty one dollars ($531.00) in premium for eighty-six thousand four hundred dollars ($86,400) worth of property coverage for his dwelling and thirty-four thousand eight hundred dollars ($34,800) worth of contents coverage. However if Plaintiff had been properly classified by Liberty Mutual in Flood Zone "B" he would have purchased two hundred and fifty thousand dollar ($250,000.00) dwelling and a hundred thousand dollar ($100,000.00) contents policy for his home for a three hundred and sixteen dollar ($316.00) premium.

6.

Plaintiff's home and contents were destroyed by Hurricane Katrina on August 29, 2005. The Plaintiff was only paid $118,200.00 by Liberty Mutual Fire Insurance Company on March 7, 2006 as a loss of his home and contents. The house loss was greater than two hundred and fifty thousand dollars ($250,000.00) and the contents loss also exceeded one hundred thousand dollars ($100,000.00). In fact an appraisal of the property on August 31, 2006 gave the property a value of three hundred thirty five thousand ($335,000.00) dollars before August 28, 2005.

7.

Defendant Liberty Mutual negligently failed to properly place the Plaintiff in the correct

flood zone. Liberty Mutual had a duty when providing insurance to correctly classify the property and to charge a true and correct premium. Liberty Mutual's negligence caused the Plaintiff to suffer a loss of the difference in the value of coverage his premium would have purchased if Liberty Mutual had correctly classified the property. This damage equaled two hundred thirty-one thousand six hundred dollars ($231,600.00) in coverage for his dwelling and contents.

8.

In the alternative this Court should reform the contract between the Plaintiff James Grissom and the Defendant Liberty Mutual according to the premium paid and the correct flood zone classification of the property. The contract reformation would grant the Plaintiff with the greater coverage he actually paid for. The plaintiff can further prove that the damages to his home exceeded the extended dwelling coverage limits of two hundred and fifty thousand dollars ($250,000.00) and that his contents loss exceeded one hundred thousand dollars ($100,000.00). The contract for insurance contained a mistake in the flood zone classification and this mistake involved a basic assumption upon which the contract for flood insurance coverage was made. This unilateral mistake by Liberty Mutual created an unjust increase in premium payments. Liberty Mutual as the flood insurance carrier through the Federal Emergency Management Agency had the sole duty to research into which of the Federal Emergency Management Agency's flood zones the subject property was located in. Liberty Mutual had reason to know through simple research into the Federal Emergency Management Agency's flood zones in which zone the subject property was located in making the resulting contract placing the property in the incorrect flood zone unconscionable.

9.

Furthermore, had Liberty Mutual known the correct flood zone for the subject property

yet continued to charge the incorrect premiums based on the incorrect flood zone, Liberty Mutual would be guilty of a fraudulent misrepresentation. Liberty Mutual clearly represented which flood zone the property was in. This was clearly incorrect. The flood zone for the property is clearly material in the formation of a flood insurance contract which the insured would reasonable rely upon and have the right to rely upon causing him to pay an unconscionably high premium for the wrong coverage.

10.

Had Liberty Mutual negligently informed the Plaintiff of the wrong flood zone Liberty would have negligently misrepresented to the Plaintiff which flood zone the subject property was located in. Placing the property in the wrong flood zone would clearly be a misrepresentation of a material fact to form a flood insurance contract. Liberty Mutual furthermore failed to exercise ordinary care by researching which flood zone the property Liberty Mutual intended to insure existed in. The Plaintiff's reliance on his insurance carrier to place the property in the correct flood zone is completely reasonable, therefore causing the Plaintiff to pay much greater premiums for less coverage than he should had.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court find the Defendant negligently placed the Plaintiff in the incorrect flood zone which resulting in him paying a much higher premium for much less coverage than he deserved resulting in a loss of two hundred and thirty-one thousand six hundred dollars ($231,600.00) of insurance coverage or in the alternative the placement of the property in the incorrect zone would create either a unilateral mistake, negligent misrepresentation, or fraudulent misrepresentation on behalf of the Defendant causing the Plaintiff damages in the amount of two hundred and thirty-one thousand six hundred dollars ($231,600.00).

                                                Respectfully Submitted
                                                James P. Grissom

by: _____
                                                JOHN H. DOWNEY
                                                His Attorney

JOHN H. DOWNEY (MSB #6178)
P.O. BOX 412
MADISON, MS 39130
(601) 607-3220 (phone)
(601) 607-6989 (fax)

GEORGE C. NICOLS (MSB # 101961)
ATTORNEY AT LAW, PLLC
P.O. BOX 12282
JACKSON, MS 39236
(601) 853-1061
(601) 853-2878