# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES P. GRISSOM** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **CAUSE NO. 1:08cv590-LG-RHW** |
| | § | |
| **LIBERTY MUTUAL FIRE INSURANCE** | § | |
| **COMPANY** | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO DISMISS EXTRA-CONTRACTUAL CLAIMS

BEFORE THE COURT is Defendant Liberty Mutual Fire Insurance Company's [9] Motion to Dismiss Extra-Contractual Claims. Plaintiff James P. Grissom brings contract and tort claims against his insurer, Liberty Mutual, for an alleged incorrect flood zone determination. Liberty Mutual argues that his extra-contractual claims should be dismissed because they are preempted and barred. The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

### FACTS AND PROCEDURAL HISTORY

Liberty Mutual removed the case to this Court on the basis of diversity jurisdiction. The Complaint alleges that Grissom owned a home in Pascagoula, Mississippi. He contracted with Liberty Mutual for flood coverage on the home. Liberty Mutual was a participating insurer in the National Flood Insurance Program. Liberty Mutual incorrectly determined that the home was in Flood Zone A, but the home was actually in Flood Zone B. As a result, Grissom had to pay higher premiums ($531) for less coverage ($118,200).

The Complaint goes on to charge that on August 29, 2005, Grissom's home was destroyed by Hurricane Katrina. Liberty Mutual paid the full amount of the flood policy as a

result. He alleges that had Liberty Mutual correctly determined the flood zone at the outset, then he would have been charged a lower premium ($316) for more flood coverage ($350,000). Further, he would have purchased this higher coverage. Instead, because of the inaccurate flood zone determination, he was overcharged and suffered uncovered losses of $231,600.

Grissom brings negligence and misrepresentation claims against Liberty Mutual for the alleged incorrect flood zone determination. In the alternative, he seeks reformation of the contract to reflect the correct flood zone determination and corresponding coverage.

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Liberty Mutual argues that the extra-contractual allegations fail to state a claim upon which relief can be granted under either federal or state law. Liberty Mutual contends that state law claims relative to adjusting a flood policy are preempted by federal law, and the federal law

claims are barred. Grissom responds his state law claims are not preempted, because he is not challenging the adjustment of his Katrina claim but rather the misconduct during the procurement of the policy. He does not claim to bring these allegations under federal law.

Therefore, the Court need only decide whether the negligence and misrepresentation claims are preempted. This Court has previously held that state law claims for failure to procure and misrepresentation in the procurement of flood coverage are not preempted by the National Flood Insurance Program. *Jones v. State Farm Fire & Cas. Co.*, No. 1:06cv11-LTS-RHW, 2006 U.S. Dist. LEXIS 61085, *5-6 (S.D. Miss. Aug. 14, 2006) (Senter, J.). This view was recently upheld by the Fifth Circuit. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 757 (5th Cir. 2009). Thus, "federal law does not preempt state-law procurement-based claims." *Id.*

Further, Mississippi law recognizes misrepresentation claims based on wrongful flood zone determinations. *Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 518 (5th Cir. 2008). As a result, this Court has recognized the viability of such claims under Mississippi law and remanded the issue where there was no diversity. *Kelly v. Wash. Mut.*, 1:08cv176-HSO-JMR, 2008 U.S. Dist. LEXIS 98653, *8-9 (S.D. Miss. 2008) (Ozerden, J.).

Liberty Mutual argues the "genesis" of this lawsuit is the adjustment of Grissom's Hurricane Katrina claim. (Def.'s Mem. at 2). However, as Liberty Mutual admits, the conduct that is at issue is Liberty Mutual's representations and flood zone determination made during the procurement of the policy. The Complaint, which the Court must take as true, charges malfeasance during the procurement stage. Grissom charges that Liberty Mutual either negligently determined his flood zone and then negligently misrepresented it to him, or intentionally misrepresented it. As a result, he paid higher premiums than he otherwise was

3

required to for less coverage than he was otherwise entitled. These extra-contractual claims are not preempted.

Finally, Liberty Mutual argues that Grissom could not, as a matter of law, rely on the flood zone determination, because he is charged with knowledge of federal regulations. Liberty Mutual does not point the Court to any regulation that would put him on notice that the initial flood zone determination was wrong. Therefore, Liberty Mutual has not shown that Grissom could not rely on its representations.

The Court finds that the Complaint states negligence and misrepresentation claims for which relief may be granted under Mississippi law, and they are not preempted.

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, Defendant Liberty Mutual Fire Insurance Company's Motion to Dismiss Extra-Contractual Claims [9] should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 29th day of July, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE