UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| JAMES P. GRISSOM | § | PLAINTIFF |
|---|---|---|
| | § | |
| V. | § | CAUSE NO. 1:08cv590-LG-RHW |
| | § | |
| LIBERTY MUTUAL FIRE | § | |
| INSURANCE COMPANY | § | DEFENDANT |

MEMORANDUM OPINION AND
ORDER DENYING SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Liberty Mutual Fire Insurance Company's [51] Motion for Summary Judgment. Plaintiff James P. Grissom brings contract and tort claims against his insurer, Liberty Mutual, for failing to offer him a preferred risk policy. Liberty Mutual argues it (1) told him about the maximum coverage limits available, (2) had no duty to inform him that he was eligible for a preferred risk policy, (3) he could not reasonably rely on Liberty Mutual's alleged misrepresentation, and (4) his state law claims are preempted. The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

FACTS AND PROCEDURAL HISTORY

At the time of Hurricane Katrina, Grissom resided in Pascagoula, Mississippi. His home was approximately 500 yards away from the Gulf of Mexico. He had purchased the home in 1977 and, since that time, maintained a flood insurance policy *via* the National Flood Insurance Program. Originally, Prudential Insurance was the carrier. In 2003, Liberty Mutual purchased Prudential's assets and liabilities associated with the flood policies.

Liberty Mutual correctly rated Grissom's home as being in Flood Zone B. Liberty Mutual provided him with a Standard Flood Insurance Policy. In 2004, Liberty Mutual informed him that he could renew his current coverage of $78,500 for the building and $33,100 for the contents for an annual premium of $518, or he could increase his limits to $86,400 for building and $34,800 for contents with a premium of $531. The renewal notice also informed him that maximum available coverage through the National Flood Insurance Program was $250,000/$100,000 but did not indicate what premium could be charged for this option.

Liberty Mutual never informed him that since he was in Zone B, he was eligible for a Preferred Risk Insurance Policy, which could provide this maximum coverage for about $200 less. As a voluntary participating carrier in the National Flood Insurance Program, Liberty Mutual retained a fifteen percent commission on all premiums.

Grissom's home was destroyed by Hurricane Katrina. Approximately four feet of storm surge entered his house. Liberty Mutual issued checks for the $86,400 and $34,800 policy limits. There is evidence that this amount was inadequate to cover his flood losses. Liberty Mutual also issued him a refund, reflecting the difference between the standard premiums he paid and the preferred premiums for which he was eligible. Liberty Mutual never offered him the preferred risk coverage, though.

Grissom initiated this suit in state court for negligence, reformation of the contract, and misrepresentation for failure to inform him about his eligibility for a preferred risk premium. Originally he believed the mistake occurred because Liberty Mutual either negligently or intentionally incorrectly classified his property as being in

Zone A. Since discovery, he concedes that Liberty Mutual properly classified his property as Zone B but still did not inform him of his eligibility for preferred risk insurance. Thus, the only claims that remain are for reformation and misrepresentation.

## DISCUSSION

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*.

The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 325. Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id*. at 324-25. "[W]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon . . . mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for

3

trial." Fed. R. Civ. P. 56(e).

PREEMPTION

Liberty Mutual argues that all of the state law claims are preempted, maintaining that the case deals with the adjustment and administration of his flood claim. The Court has already ruled that this case involves alleged "misconduct during the procurement of the policy." (Mem. Op. & Order Den. Mot. to Dismiss Extra-Contractual Cls. at 3). As such, the state law claims are not preempted by federal law. *Id.* (citing *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 757 (5th Cir. 2009)).

MISREPRESENTATION

The Complaint alleges both fraudulent and negligent misrepresentation claims against Liberty Mutual for its failure to inform Grissom of his eligibility for preferred risk insurance, and thus that he was actually entitled to pay a lower premium. To prove his fraud claim, he must prove Liberty Mutual made a (1) false, (2) material representation or omission, (3) that Liberty Mutual either knew was false or was ignorant as to its truth, (4) on which Liberty Mutual intended to induce his reliance. *See Beck Enters., Inc. v. Hester*, 512 So. 2d 672, 675 (Miss. 1987); *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (¶12) (Miss. Ct. App. 2007) (omission). He must further show that he (5) reasonably relied on the statement or omission (6) to his detriment. *Beck Enterprises*, 512 So. 2d at 675. To prove his negligent misrepresentation claim, he must prove the following elements:

(1) a misrepresentation or omission of fact;

(2) that the representation or omission is material or significant;

> (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities;
>
> (4) that Grissom reasonably relied upon the misrepresentation or omission; and
>
> (5) that he suffered damages as a direct and proximate result of such reasonable reliance.

*Horace Mann Life Ins. Co. v. Nunaley*, 960 So. 2d 455, 461 (¶20) (Miss. 2007). Liberty Mutual argues both claims fail because (1) he cannot have reasonably relied on the alleged omission, (2) Liberty Mutual had no duty to speak, and (3) Liberty Mutual informed him of the maximum coverage available.

I.   OMISSION

First, Liberty Mutual argues there was no omission, because its Notice of Renewal told Grissom about the maximum coverage limits available. That is not the omission about which he complains. He complains that he was not told that he could get those maximum limits for two hundred dollars less than he was paying for much lower limits. Nowhere on the Notice of Renewal is this information conveyed.

In the alternative, Liberty Mutual argues that it was under no duty to speak to Grissom on the preferred risk insurance issue because there was no fiduciary relationship between the two. "In Mississippi, a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted." *Taylor*, 954 So. 2d at 1049 (¶12). "This duty *generally* arises only where there is a fiduciary relationship between the parties." *Id*. (emphasis added). While no fiduciary duty arises

5

in a first party insurance contract, an insurer may nevertheless have a duty to speak under certain circumstances. *Marsh v. Wallace*, 666 F. Supp. 2d 651, 665 (S.D. Miss. 2009) (discussing non-fiduciary obligations to disclose); *Taylor*, at 1050 (¶12) (holding no fiduciary relationship between insurer and insured).

For example, the Mississippi Supreme Court holds that a party to a business transaction "is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated . . . [among other things] matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading." *Holman v. Howard Wilson Chrysler Jeep, Inc.*, 972 So. 2d 564, 568 (¶9) (Miss. 2008). Viewed in the light most favorable to Grissom, the Notice of Renewal was only a partial statement of the facts. It told him that he could continue his current coverage of $78,500/$33,100 for the cost of $518 or increase his limits to $86,400/$34,800 for $531. While Liberty Mutual told him also that the maximum coverage available under the national flood program was $250,000/$100,000, it did not tell him the cost of that option. Viewed in the light most favorable to Grissom, a reasonable reading of the Notice of Renewal is that the final option, if available, would cost even more than $531. There was no indication that the final option would actually cost him over $200 less. A reasonable jury could conclude that Liberty Mutual had made a partial or ambiguous representation that was misleading without the omitted information. Liberty Mutual does not address or argue its duty of reasonable care in this situation. Thus, Liberty Mutual has not shown it is entitled to judgment as a matter of law that there was no fraudulent omission.

II.     REASONABLENESS OF THE RELIANCE

Liberty Mutual next argues that Grissom's reliance was unreasonable as a matter of law because he had a copy of his Standard Flood Insurance Policy and because he had a duty to be aware of the Code of Federal Regulations which clearly set forth the maximum amount of coverage.  He testified that he never received a copy of his policy.  In any event, nothing in the policy indicates that he was eligible to receive the preferred risk premium or even sets out what that premium is.  As for his notice of the maximum amount of coverage, again, that is not the omission of which he complains.  Whether he constructively knew about the amount of coverage has no bearing on his knowledge about the amount of or existence of preferred risk premiums.

Additionally, Liberty Mutual points to no statute or regulation (and the Court can find none) which would have informed Grissom that he qualified for the preferred risk policy or what the preferred risk rates were.  Liberty Mutual has not shown it is entitled to judgment as a matter of law on reasonable reliance.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant Liberty Mutual Fire Insurance Company's [51] Motion for Summary Judgment should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 6th day of December, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE